IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | 4:13CV3193 |
| ) | |
| BRITTANY ISLEY, DEBTOR ) | MEMORANDUM AND ORDER |
| ) | |

Brittany Dee Isley, debtor, appeals an order of the United States Bankruptcy Court which denied a motion to avoid a lien filed by the debtor. See In re: Isley, No. BK 13-40184. The debtor has elected to have the appeal heard by this court. (ECF No. 1.)   For the following reasons, I shall reverse the bankruptcy court's decision.

## I.   BACKGROUND

Isley filed a voluntary petition for Chapter 7 relief in the bankruptcy court on February 1, 2013. (Doc. 1).[1] She is a single mother with three minor children. (Doc. 1, Schedule I). At the time of the filing, she was working as a claims associate at Dell, where she had been employed for two months. (Id.). She earned $2,080 per month, received no child support, and received $501 per month in food stamps. (Doc. 1, Schedule J). At the time of the filing, her wages were being garnished by a creditor, and she still owed $1,176.83 to that creditor. (Doc. 1, Statement of Financial Affairs).

---

1 References to the bankruptcy court record are indicated by document number. For example, "Doc. 1" refers to document number 1 in the bankruptcy court record.

1

As an asset, Isley listed a 1998 Chevrolet Suburban with a dent in the side and 200,000 miles, which she valued at $2,300. (Doc. 1, Schedule B). On Schedule C, Isley indicated that the vehicle is exempt under Neb. Rev. Stat. § 25-1556(4). (Doc. 1, Schedule C). She identified the vehicle loan as a "non-Purchase Money Security," with the amount owed of $3,133.76, of which $833.76 was unsecured. (Doc. 1, Schedule D). Isley sought to retain the vehicle and to avoid the lien using 11 U.S.C. § 522(f). (Doc. 1, p. 40). The creditor for the vehicle is Mid American Title Loan. (Doc. 1, Schedule D). Isley used the vehicle to travel to and from her job.

The first meeting of creditors was held on April 1, 2013. On April 8, the trustee filed its intent to claim certain assets and abandon certain assets. (Doc. 17). The trustee claimed the non-exempt portion of an income tax refund and abandoned all other scheduled assets on the grounds that those assets are either exempt, secured in excess of their value, or burdensome to administer. (Id.).

On September 9, 2013, Isley filed a motion to avoid the lien of Mid American Title Loan. (Doc. 28). She alleged that her interest in the vehicle did not exceed the personal property exemptions allowed to a debtor by Neb. Rev. Stat. § 25-1556(4). (Id.). Isley also alleged that the existence of the lien impaired an exemption to which she would otherwise be entitled under Neb. Rev. Stat. § 25-1556(4) and § 25-1552 because the fair market value of the vehicle was $2,300 and the amount of her obligation to the creditor was approximately $325.83. (Id.). Neither the creditor nor the trustee filed a resistance, objection, or response to Isley's motion.

On October 1, 2013, the bankruptcy court entered an order denying Isley's motion to avoid the lien. (Doc. 29). The court entered only a text order referring to its order of September 12, 2013, in In re Cardwell, No. 13-40623. (Id.).

## II. STANDARD OF REVIEW

"'When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error.'" In re Falcon Prods., Inc., 497 F.3d 838, 841 (8th Cir. 2007) (quoting In re Fairfield Pagosa, Inc., 97 F.3d 247, 252 (8th Cir. 1996)). See also Fed. R. Bankr. P. 8013. The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed. R. Bankr. P. 8013.

## II. ANALYSIS

Isley's statement of the issues on appeal asserts that the bankruptcy court erred when it denied the debtor's motion to avoid the lien. (ECF No. 5). In her brief, Isley asserts that the court erred in overruling the motion to avoid the lien when neither the creditor nor trustee filed an objection; in not allowing her to claim a work tool exemption in accordance with state statutes; and in improperly applying the federal work tool exemption to deny her motion. She also argues that she is entitled to the use of the state exemption to exempt assets she can avoid due to the debtor's non-purchase money security interest. (Pl.'s Brf at 1.)

In its text order denying Isley's motion to avoid the lien, the bankruptcy court referred to its order in In re Cardwell, No. 13-40623. (Doc. 29). The facts in Cardwell are similar to those in the present case. The debtors owned two motor vehicles which they used to travel to and from their respective places of employment, but the vehicles were not otherwise used in connection with the debtors' employment. A bank held a claim against the debtors in the amount of $24,466.44, which was secured in part by a nonpossessory, nonpurchase-money

security interest in both vehicles. The debtors claimed exemptions in the vehicles in the total amount of $2,000. Id.

The debtors filed a motion to avoid the lien in the vehicles pursuant to 11 U.S.C. § 522(f)(1)(B)(ii) of the Bankruptcy Code, and the bank filed an objection. The bank asserted that the vehicles did not constitute tools of the trade under federal law and, therefore, the debtors could not use §522(f) to avoid its lien. The bankruptcy court agreed with the bank and denied the motion to avoid the lien. Cardwell, supra.

Isley's first argument suggests that the bankruptcy court erred in overruling the motion to avoid the lien because neither the creditor nor the trustee resisted it. (Pl's Brf at 4). She points out that this fact differs from the Cardwell case, and she argues that, without an objection or resistance, there was no controversy, and therefore, no issue for the bankruptcy court to decide.

While I have not addressed this specific situation, an Oklahoma court held that if a creditor objects to the entry of an order of lien avoidance prior to discharge, it must file a written resistance to a motion seeking lien avoidance. In re Prince, 236 B.R. 746 (Okla. 1999). The court cited the United States Court of Appeals for the Tenth Circuit, which stated that "a creditor cannot simply sit on its rights and expect that the bankruptcy court or trustee will assume the duty of protecting its interests." Prince, supra, 236 B.R. at 750, quoting Andersen v. Unipac-Nebhelp, 179 F.3d 1253, 1257 (10th Cir. 1999), overruled on other grounds, In re Mersmann, 505 F.3d 1033 (10th Cir. 2007). The bankruptcy court held that "[w]here there is no objection, orders avoiding liens will be entered in the ordinary course of the Court's business." Prince, supra.

In In re Armstrong, 201 B.R. 526, 532 (Bankr. D. Neb. 1996), the bankruptcy

4

court of this district held that the trustee waived his right to object to the bank's claim when he was given a full and fair opportunity to object and voluntarily chose not to do so. "Waiver may be found where a party fails to raise an issue, despite a full and fair opportunity to do so." Id. The Armstrong case was cited in another case in this district in which the court held that by failing to resist the trustee's request to convert the proceeding from Chapter 11 to Chapter 7, the debtor waived any objection to the conversion. In re Matter of AFY, Inc., Case No. BK10-40875 (9/2/10).

This court has also held that the failure to file an objection to a bankruptcy judge's report and recommendation "eliminates not only the need for de novo review, but *any* review by the Court." Bushnell v. Bank of the West, Case No. BK11-82735; 8:12cv67 (3/9/2012), citing Leonard v. Dorsey & Whitney LLP, 553 F.3d 609 (8th Cir. 2009). In Leonard, supra, the court held that the dismissal of the trustee's indemnity and contribution claim became final when no party objected to the bankruptcy court's recommendation of dismissal.

The Nebraska bankruptcy court has held that the failure to object after being provided with notice of the trustee's motion to extend the statute of limitations results in a forfeiture or waiver of any argument as to the validity of the extension. In re Matter of First Americans Insurance Serv., Inc., Case No. BK09-40067.

Nebraska Rule of Bankruptcy Procedure 9013-1(D) provides that if the resistance period expires without the filing of any resistance or request for hearing, the Court will consider entering an order granting the relief sought without further notice or hearing. Under the federal rules, a creditor may object to a motion to avoid a lien by challenging the validity of the exemption asserted to be impaired by the lien. Fed. R. of Bankr. Proc. 4033(d). No creditor has filed any challenge to the validity of the exemptions listed by Isley.

5

The bankruptcy court noted in <u>Cardwell</u> that its decision to deny the motion to avoid the lien was contrary to existing lien avoidance practice in this district. In that case, the creditor objected, a hearing was held, and evidence and briefs were received. In this case, the court entered a text order only. I do not have the background information that the bankruptcy court had in <u>Cardwell</u>. Neither the creditor nor the trustee objected to the motion to avoid the lien on the vehicle. No brief was filed in response to Isley's appeal from the bankruptcy court. I find that the creditor and trustee have waived the right to object to the motion to avoid the lien, and therefore, the judgment of the bankruptcy court denying the motion must be reversed.

**IT IS ORDERED** that the bankruptcy court's order of October 1, 2013, (Bankruptcy Doc. No. 29), is reversed, the case is returned to the bankruptcy court for further action in accordance with this Memorandum and Order.

Dated February 13, 2014.

BY THE COURT

_/s/ Warren K. Urbom_____

Warren K. Urbom
United States Senior District Judge